UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD L. FLEMING,                    :      CIVIL NO. **3:07-CV-01039**
                                      :
            Plaintiff                 :      (Judge Munley)
                                      :
        v.                            :      (Magistrate Judge Smyser)
                                      :
WARDEN DENNIS BOWEN,                  :
CAPTAIN JOHN DARYMON,                 :
CO KEVIN CARROLL,                     :
CO JARRETT SMITH,                     :
and MEDICAL STAFF -                   :
JOHN DOE 1, 2, 3 & 4,                 :
                                      :
            Defendants                :

## REPORT AND RECOMMENDATION

        On June 7, 2007, the plaintiff, a prisoner proceeding

*pro se*, commenced this 42 U.S.C. § 1983 action by filing a

complaint.

        The complaint names as defendants: Dennis Bowen, the

Warden of the York County Prison; Captain John Darymon;

Corrections Officer Kevin Carroll; Corrections Officer Jarrett

Smith; and Medical Staff - John Doe 1, John Doe 2, John Doe 3
and John Doe 4.

The plaintiff alleges that on April 4, 2007, he was
incarcerated in the York County Prison.  He alleges that due to
a gunshot wound he has a badly injured leg.  He alleges that a
bullet is lodged behind his calf, that his right femur was
broken and that he has a rod with screws in his leg.  The
plaintiff alleges that due to his injures he was housed in the
medical department of the prison.

The plaintiff alleges that on April 29, 2007, he
attended morning yard in the medical courtyard.  He alleges
that another inmate approached him and asked him why he had
told defendants Carroll and Smith and another officer that he
was going to hit that inmate in his colostomy bag.  He alleges
that he told the inmate that the officers were lying and trying
to start a fight.  He alleges that the inmate then hit him on
the top of the head with his fist.  He alleges that his

crutches fell and that he fell to the ground causing him extreme pain.

The plaintiff alleges that after the assault defendant Darymon handcuffed him, was disrespectful to him, told him that he would be made out to be the aggressor and that he would be locked up and placed on suicide watch.  The plaintiff alleges that he was placed on suicide watch for over twenty four hours and that he was provided with no medical assistance.

The plaintiff alleges that after he was assaulted by the inmate he was given an evaluation by a John Doe defendant in the medical department but that he received no treatment. The plaintiff also alleges that after the assault he filed a grievance regarding defendants Carroll, Smith and Darymon.

The plaintiff alleges that he was moved in a wheelchair by defendants Carroll and Smith into a small room across from the medical department and that defendants Carroll and Smith began smacking him, pulling his ear and telling him to keep his

3

mouth shut about the incident.  The plaintiff alleges that he screamed for a white shirt and that defendant Darymon came in and witnessed that he was upset and screaming.  He alleges that he was then escorted by wheelchair by defendants Darymon and Smith to the Behavior Adjustment Unit (BAU).  He alleges that he was given a false misconduct for assaulting the other inmate and placed in the BAU for thirty days.

The plaintiff alleges that he was placed on suicide watch for over 24 hours by defendant Darymon.  He alleges that he was forced to lay face down by defendant Smith and others to have his handcuffs removed.  He alleges that he was stripped of his clothing and that the he was pushed face down by defendant Smith and then called a pussy.  He alleges that defendant Darymon was present.

The plaintiff alleges that from April 29, 2007 until May 13, 2007 he had to shower in the BAU with no handicap accessible equipment - until a medical note was issued for a shower chair.  He allege that on May 27, 2007 he fell face

4

first while showering and was unconscious.  He alleges that he

was taken to the medical department but given poor treatment.


By an Order dated June 20, 2007, we reviewed the

complaint pursuant to 28 U.S.C. § 1915A.  We stated:

> This is a 42 U.S.C. § 1983 action.
> "Section 1983 imposes civil liability upon any
> person who, acting under the color of state
> law, deprives another individual of any rights,
> privileges, or immunities secured by the
> Constitution or laws of the United States."
> *Shuman v. Penn Manor School Dist.,* 422 F.3d
> 141, 146 (3d Cir. 2005).  Section 1983 "does
> not create any new substantive rights but
> instead provides a remedy for the violation of
> a federal constitutional or statutory right."
> *Id.*  "To state a claim under § 1983, a
> plaintiff 'must allege both a deprivation of a
> federally protected right and that this
> deprivation was committed by one acting under
> color of state law.'" *Woloszyn v. County of
> Lawrence*, 396 F.3d 314, 319 (3d Cir.
> 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689
> (3d Cir. 1997)).

> We conclude that the complaint fails to
> state a 42 U.S.C. § 1983 claim upon which
> relief may be granted against defendant Bowen
> and the John Doe medical staff defendants.

> The complaint fails to state a claim upon
> which relief can be granted against defendant
> Bowen because the plaintiff has not alleged
> that defendant Bowen was personally involved in
> the alleged events underlying his claims.

5

"It is, of course, well established that a
defendant in a civil rights case cannot be held
responsible for a constitutional violation
which he or she neither participated in nor
approved." *C.H. Ex. Rel. Z.H. Oliva*, 226 F.3d
198, 201 (3rd Cir. 2000).  "There is no
vicarious, respondeat superior liability under
§ 1983." *Id.* at 202.  Liability under 42 U.S.C.
§ 1983 may only be based upon a defendant's
personal involvement in conduct amounting to a
constitutional violation.  *Hampton v.
Holmesburg Prison Officials*, 546 F.2d 1077,
1082 (3d Cir. 1976).  The complaint must
contain averments of the involvement of the
defendant in the conduct which caused a
violation of the plaintiff's constitutional
rights. *Rode v. Dellarciprete*, 845 F.2d 1195,
1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action
against a state supervisory official requires
allegations that the defendant actually
participated in or had actual knowledge of and
acquiesced in the events forming the basis of
the claims. *Egan v. Concini*, 585 F. Supp. 801,
804 (M.D. Pa. 1984).

The plaintiff has not alleged that
defendant Bowen actually participated in or had
actual knowledge of and acquiesced in the
events forming the basis of his claims.
Accordingly, the complaint fails to state a
claim against defendant Bowen upon which relief
can be granted.

The complaint also fails to state a claim
upon which relief can be granted against the
John Doe medical staff defendants.

In order for the plaintiff to state a
viable Eighth Amendment medical claim he must
allege that the defendants acted with

deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular

7

course of treatment 'in the face of resultant
pain and risk of permanent injury.'" *Id.*
(quoting *White v. Napoleon*, 897 F.2d 103, 109
(3d Cir. 1990)).  Prison medical authorities
are given considerable latitude in the
diagnosis and treatment of medical problems of
inmates and courts will "disavow any attempt to
second guess the propriety or adequacy of a
particular course of treatment . . . which
remains a question of sound professional
judgment." *Little v. Lycoming County*, 912
F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates
of Allegheny County Jail v. Pierce*, 612 F.2d
754, 762 (3d Cir. 1979)).  Mere disagreement as
to the proper medical treatment does not
support an Eighth Amendment claim. *Monmouth
County Correctional Institutional Inmates v.
Lanzaro*, 834 F.2d 326, 346 (3d Cir.
1987)("Courts, determining what constitutes
deliberate indifference, have consistently held
that mere allegations of malpractice do not
raise issues of constitutional import. . . .
Nor does mere disagreement as to the proper
medical treatment support a claim of an eighth
amendment violation."); *White*, *supra,* 897 F.2d
at 110 (mere disagreement over proper treatment
does not state a claim upon which relief can be
granted).

Although the plaintiff alleges that he
was not provided with medical treatment after
the assault, he does not allege what treatment
was required and it is not apparent from the
allegations in the complaint what, if any,
medical treatment was required at that point.
Also, although the plaintiff alleges that he
was provided with poor treatment after his fall
in the shower, he has again not alleged what
treatment, if any, was required and not
provided.  The plaintiff has not alleged that

8

> the John Doe defendants were deliberately
> indifferent to his serious medical needs.  Nor
> has the plaintiff alleged facts from which it
> could reasonably be inferred that the John Doe
> defendants were deliberately indifferent to his
> serious medical needs.  Accordingly, the
> complaint fails to state a claim against the
> John Doe medical defendants upon which relief
> can be granted.

Doc. 6 at 5-11.

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, we granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to cure the deficiencies noted in the Order.  The Order provided that any amended complaint shall be complete in all respects and shall contain all of the plaintiff's claims, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and shall be "simple, concise, and

9

direct" as required by the Rules of Civil Procedure.   We indicated that if the plaintiff fails to file an amended complaint, we will recommend that defendant Bowen and the John Doe medical staff defendants be dismissed.

On June 20, 2007, the plaintiff filed an amended complaint.  By an Order dated July 26, 2007, we ordered that the amended complaint be stricken from the record because it did not comply with the Order of June 20, 2007.  The amended complaint was not complete, did not contain all of the plaintiff's claims, and did not make sense without reference to the original complaint.  We gave the plaintiff one more opportunity to file a proper amended complaint.  The plaintiff was granted leave to file another amended complaint on or before August 27, 2007.  We indicated again that any amended complaint shall be complete in all respects, shall contain all of the plaintiff's claims, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and shall also be "simple, concise, and direct" as required by the Rules of Civil Procedure.   We

further indicated that if the plaintiff fails to file an amended complaint, we will recommend that defendant Bowen and the John Doe medical staff defendants be dismissed.

The plaintiff has not filed another amended complaint. Rather, on August 24, 2007, the plaintiff filed a document in which he states that defendant Bowen and the John Doe defendants were aware of the issues stated in his complaint and in which he objects to being required to correct errors in his complaint.  We construe the document filed by the plaintiff on August 24, 2007 as stating the plaintiff's intention to stand on his original complaint.

Given that the plaintiff has not filed an amended complaint, for the reasons set forth in the Order of June 20, 2007, we recommend that defendant Bowen and the John Doe medical staff defendants be dismissed from this action.  By a separate order, we have directed that the complaint be served on defendants Darymon, Carroll and Smith.

11

Based on the foregoing, it is recommended that defendant Bowen and the John Doe medical staff defendants be dismissed from this action and that the case be remanded to the undersigned for further proceedings.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  September 5, 2007.

12