**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD L. FLEMING,<br>                Plaintiff<br><br>    v.<br><br>WARDEN DENNIS BOWEN,<br>CAPTAIN JOHN DARYMON,<br>CO KEVIN CARROLL,<br>CO JARRETT SMITH,<br>and MEDICAL STAFF-<br>JOHN DOE 1, 2, 3 & 4,<br>                Defendants | No. 3:07cv1039<br><br>(Judge Munley) |

## MEMORANDUM

    Before the court for disposition are the plaintiff's objections to Magistrate Judge J. Andrew Smyser's report and recommendation that recommends dismissal of Defendant Warden Dennis Bowen and the medical staff defendants from this action. Plaintiff Ronald L. Fleming has filed objections to the report and recommendation. The matter is ripe for disposition.

**Background**

    Plaintiff instituted the instant *pro se* complaint on June 7, 2007. (Doc. 1, Complaint). At the time, he was an inmate at the York County Prison. He alleges that he was involved in a physical altercation with another inmate in the prison medical courtyard that may have been instigated by Defendants Carroll, Smith and another officer. (Id. at 2-3). He asserts that after the altercation, he was treated improperly by prison officials, and he was provided no medical assistance. (Id. at 3). He further asserts that Defendants Carroll and Smith struck him and told him to stay quiet regarding the incident. (Id.). He alleges that he was given a false misconduct report and placed in the Behavior Adjustment Unit for

thirty (30) days.  (Id.).   He also alleges further mistreatment at the hands of the defendants.  (Id. at 3-4).

He thus instituted the instant civil rights action pursuant to 42 U.S.C. § 1983.  The case was assigned to Magistrate Judge J. Andrew Smyser and the undersigned judge.  On June 20, 2007, Magistrate Judge Smyser reviewed the case pursuant to 28 U.S.C. § 1915A and determined that the case failed to set forth a section 1983 action against Defendant Bowen and the John Doe medical defendants.[1]  (Doc. 6, June 20, 2007 Order). Instead of dismissing those parties, however, Magistrate Judge Smyser provided the plaintiff leave to file an amended complaint to cure the deficiencies in the original complaint.  The magistrate judge instructed the plaintiff that "[a]ny amended complaint shall be complete in all respects and shall contain all of the plaintiff's claims.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  Any amended complaint shall also be 'simple,

---

[1] In relevant part, 28 U.S.C. § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

2

concise, and direct' as required by" the Federal Rules of Civil Procedure. (Id. at 12).

Plaintiff filed an amended complaint on July 20, 2007. The amended complaint was not complete in all respects and did not stand by itself. Therefore, the magistrate judge had it stricken from the record on July 26, 2007 for failure to comply with the order of June 20, 2007.  (Doc. 7).  On July 26, 2007, Magistrate Judge Smyser also provided the plaintiff with the opportunity to file a proper amended complaint by August 27, 2007.  (Doc. 7). He warned the plaintiff that failure to file such an amended complaint would lead to a recommendation of the dismissal of Defendant Bowen and the John Doe medical defendants.  (Id.).  The deadline for filing the amended complaint passed without the plaintiff filing a proper amended complaint.

On August 24, 2007, plaintiff filed a document in which he expresses his position that the complaint and amended complaint should both be heard.  (Doc. 10) .  Magistrate Judge Smyser construed this document as a statement by the plaintiff that he intends to stand by the original complaint.  He thus recommends the dismissal of Defendant Bowen and the John Doe medical defendants.  Plaintiff filed objections to the report and recommendation bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

3

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Plaintiff's objections generally object to the report and recommendation. He does not make any specific objections.[2] The Federal Rules of Civil Procedures require that objections be "specific." FED. R. CIV. PRO. 72(b)(2). A *de novo* review of the matter is not required where only a general objection is made. Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984) ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."). We will, however, provide limited review of the report and recommendation. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.1987) ("While this statutory provision [ 28 U.S.C. § 636(b)(1)(C) ] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues

---

[2]In total, plaintiff's objection reads as follows: "And now comes Plaintiff Ronald Fleming, Pro Se, objecting to the Magistrate Judge Recommendations pursuant to 28 U.S.C. § § 636(b)(2)(B), dismissing the defendants from this action." (Doc. 13).

raised by the report." )

**Discussion**

In the order of June 20, 2007, the magistrate judge noted, and we agree, that the complaint does not allege the personal involvement of Defendant Bowen, and therefore, the case against him should be dismissed.  There is no supervisory liability or respondeat superior liability in a section 1983 action.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir.2005).  Magistrate Judge Smyser pointed out the deficiency in plaintiff's complaint and provided him two opportunities to remedy it.  Plaintiff did not take those opportunities and dismissal of Defendant Bowen is therefore appropriate.

The other defendants Magistrate Judge Smyser suggests dismissing are the John Doe medical defendants.  In order to assert an Eighth Amendment cruel and unusual punishment claim for improper medical treatment, a plaintiff must allege deliberate indifference to a serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  The report and recommendation indicates that the complaint does not allege that the defendants were indifferent to plaintiff's serious medical needs.  The complaint alleges that plaintiff was not provided treatment or was provided poor treatment at various times.  It does not indicate, however, what treatment was needed or that the medical defendants were deliberately indifferent.  Plaintiff was provided two opportunities to file an amended complaint to remedy the shortcomings of his complaint.  The magistrate judge provided specific instructions regarding the filing of the amended complaint.  Plaintiff did not follow the direction of the magistrate judge.  Thus, dismissal of the medical defendants is warranted.

**Conclusions**

For the reasons set forth above, the magistrate judge's report and recommendation will be adopted.   Defendant Bowen and the John Doe Medical Staff Defendants will be dismissed from this action.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. FLEMING,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>WARDEN DENNIS BOWEN,<br>CAPTAIN JOHN DARYMON,<br>CO KEVIN CARROLL,<br>CO JARRETT SMITH,<br>and MEDICAL STAFF-<br>JOHN DOE 1, 2, 3 & 4,<br>　　　　　Defendants | No. 3:07cv1039<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 13th day of May 2008, it is hereby **ORDERED** as follows:

1) The report and recommendation of Magistrate Judge Smyser (Doc. 11) is hereby **ADOPTED**;

2) The plaintiff's objections (Doc. 13) are **OVERRULED**;

3) Defendant Warden Dennis Bowen is **DISMISSED** from this action;

4) The Defendants Medical Staff John Doe 1, 2, 3, & 4 are dismissed from this action;

5) This matter is **REMANDED** to Magistrate Judge Smyser for further proceedings.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**