```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

RONALD L. FLEMING,           :   CIVIL NO. **3:07-CV-01039**
                             :
         Plaintiff           :   (Judge Munley)
                             :
     v.                      :   (Magistrate Judge Smyser)
                             :
WARDEN DENNIS BOWEN, *et al.,* :
                             :
         Defendants          :

## **REPORT AND RECOMMENDATION**

I.  Background and Procedural History.

On June 7, 2007, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

The complaint names as defendants: Dennis Bowen, the Warden of the York County Prison; Captain John Daryman; Corrections Officer Kevin Carroll; Corrections Officer Jarrett Smith; and Medical Staff - John Doe 1, John Doe 2, John Doe 3 and John Doe 4.

The plaintiff alleges that on April 4, 2007, he was incarcerated in the York County Prison. He alleges that due to a gunshot wound he has a badly injured leg. He alleges that a bullet is lodged behind his calf, that his right femur was broken and that he has a rod with screws in his leg. He alleges that due to his injuries he was housed in the medical department of the prison.

The plaintiff alleges that on April 29, 2007, he attended morning yard in the medical courtyard. He alleges that another inmate approached him and asked him why he had told defendants Carroll and Smith and another officer that he was going to hit that inmate in his colostomy bag. He alleges that he told the inmate that the officers were lying and trying to start a fight. He alleges that the inmate then hit him on the top of the head with his fist. He alleges that his crutches fell and that he fell to the ground causing him extreme pain.

The plaintiff alleges that after the assault defendant Daryman handcuffed him, was disrespectful to him, told him that he would be made out to be the aggressor and that he would be locked up and placed on suicide watch. He alleges that he was placed on suicide watch for over twenty-four hours and that he was provided with no medical assistance.

The plaintiff alleges that after he was assaulted by the inmate he was given an evaluation by a John Doe defendant in the medical department but that he received no treatment. He also alleges that after the assault he filed a grievance regarding defendants Carroll, Smith and Daryman.

The plaintiff alleges that he was moved in a wheelchair by defendants Carroll and Smith into a small room across from the medical department and that defendants Carroll and Smith began smacking him, pulling his ear and telling him to keep his mouth shut about the incident. He alleges that he screamed for a white shirt and that defendant Daryman came in and witnessed that he was upset and screaming. He alleges that he was then

escorted by wheelchair by defendants Daryman and Smith to the Behavior Adjustment Unit (BAU).  He alleges that he was given a false misconduct for assaulting the other inmate and placed in the BAU for thirty days.

The plaintiff alleges that he was placed on suicide watch for over 24 hours by defendant Daryman.  He alleges that he was forced to lay face down by defendant Smith and others to have his handcuffs removed.  He alleges that he was stripped of his clothing and that the he was pushed face down by defendant Smith and then called a pussy.  He alleges that defendant Daryman was present.

The plaintiff alleges that from April 29, 2007 until May 13, 2007 he had to shower in the BAU with no handicap accessible equipment - until a medical note was issued for a shower chair.  He allege that on May 27, 2007 he fell face first while showering and was unconscious.  He alleges that he was taken to the medical department but given poor treatment.

On November 21, 2007, the defendants filed an answer to the complaint.

By an Order dated May 13, 2008, defendants Bowen and Medical Staff John Doe 1, 2, 3 & 4 were dismissed from this action.

Pursuant to the Case Management Order of May 19, 2008, the discovery period ended on November 14, 2008 and the deadline for filing dispositive motions was January 16, 2009.

On December 16, 2008, defendants Daryman, Carroll and Smith filed a motion for summary judgment, a statement of material facts, a brief and documents in support of their motion.  On March 3, 2009, the plaintiff filed a response to the defendants' statement of material facts and a brief in opposition to the motion for summary judgment.  No reply brief has been filed.

II.   Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir.  2003).  In determining whether an issue of material fact exists, the court must consider all evidence in

6

the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

III. Discussion.

The defendants contend that the plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

> 42 U.S.C. § 1997e(a), provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

7

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo,* 548 U.S. 81 (2006). In other words, § 1997e(a) requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis*, 372 F.3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id. at 231.* The prison grievance procedures supply the yardstick for measuring whether exhaustion was proper. *Id. See also Jones v. Bock,* 549 U.S. 199, 218 (2007)("The level of detail necessary

in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). "'[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Williams v. Beard,* 482 F.3d 637, 640 (3d Cir. 2007)(quoting *Jones, supra,* 549 U.S. at 219).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The defendants have presented evidence that, although he filed a grievance regarding the claims in this case, the plaintiff did not exhaust administrative remedies that were available to him in the form of an appeal to the Solicitor and

then to the York County Prison Board. *See Affidavit of Deputy Warden Clair Doll (Doc. 22-2)* at ¶¶ 4 & 6.  On the other hand, the plaintiff has presented evidence (his response to the defendants' statement of material facts which is made under penalty of perjury) that he did fully exhaust available administrative remedies. *See Doc. 29.*

There is genuine issue of fact whether the plaintiff exhausted available administrative remedies.  That factual dispute is material.  Therefore, the defendants are not entitled to summary judgment on the basis that the plaintiff failed to exhaust available administrative remedies.

The defendants also contend that they are entitled to summary judgment on the merits of the plaintiff's claims. After citing the applicable law regarding use of excessive force, the defendants contend that the plaintiff's claim that defendants Carroll and Smith set him up to be assaulted by another other inmate by lying to that inmate is ludicrous, that the illogical nature of the plaintiff's allegations confirm

10

that his motive is retaliation for being disciplined for being involved in a fight, that there is no confirmation in the plaintiff's medical records that indicate that he was injured by the defendants and that the conduct of the defendants in moving him to the BAU was reasonable under the circumstances and do not constitute application of unlawful force or a violation of any of the plaintiff's constitution rights. The defendants have each submitted an affidavit in which they deny the material allegations of the plaintiff's complaint.

The plaintiff has presented evidence (his response to the defendants' statement of material facts which is made under penalty of perjury) that the material statements made by the defendants in their affidavits are false. In addition, the plaintiff's complaint is made under penalty of perjury and thus his complaint is treated as an affidavit in opposition to the motion for summary judgment. *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985)(treating verified complaint as an affidavit in opposition to motion for summary judgment); *Colon v. Couglin,* 58 F.3d 865, 872 (2nd Cir. 1995)("A verified complaint is to be

11

treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e).").

Whereas defendants Carroll and Smith assert that the plaintiff's contention that they provoked the altercation between the plaintiff and the other inmate is not true, *see doc. 22-2* at 18 at ¶8, the plaintiff asserts that defendants Carroll and Smith told the other inmate that the plaintiff was intending to hit him in his colostomy bag with his crutches[1] and that defendants Carroll and Smith provoked the other inmate into attacking him, *see doc. 29* at ¶11.  Whereas defendant

---

[1] To the extent that this assertion is based on what the other inmate allegedly told the plaintiff, it appears that the statement is hearsay. Hearsay can be considered in connection with a motion for summary judgment if it is capable of being admissible at trial. *Petruzzi's IGA v. Darling-Delaware,* 998 F.2d 1224, 1234 n.9 (3d Cir. 1993); *Rossi v. Standard Roofing, Inc.,* 156 F.3d 452, 470 n.13 (3d Cir. 1998)(considering hearsay statements on summary judgment because the statements were capable of being admissible at trial if the plaintiff produced the declarants at trial to give the testimony).  If the plaintiff's assertion is based on what the other inmate told him, he would have to produce the other inmate at trial to testify.

12

Carroll and Smith assert that the plaintiff's contention that they pulled his ear and smacked him around is not true, *doc. 22-2* at 13 at ¶6 and *doc. 22-2* at 17 at ¶5, the plaintiff asserts that they did pull his ear and smack him around, *doc. 29* at ¶12.  Whereas the defendants deny using excessive or unlawful force against the plaintiff, *see doc. 22-2* at 9 at ¶6 and *doc. 22-2* at 17 at ¶7, the plaintiff asserts that they used unreasonable force[2] against him, *doc. 29* at ¶13.  Whereas defendant Daryman asserts that at no time did he advise the plaintiff that he was going to make him out to be the aggressor and cause him to locked up in the BAU without medical assistance, *doc. 22-2* at 9 at ¶5, the plaintiff asserts that defendant Daryman did advise him that he was going to make him out to be the aggressor and that defendant Daryman caused him to be locked up in the BAU with no medical assistance, *doc. 29* at ¶10.  Whereas the defendants assert that the plaintiff made no complaint to any medical person or any other person in the prison that he received injuries as a result of unlawful

---

[2] This statement appears in part, at least, to be based on the plaintiff's opinion.

13

conduct by anyone other than the other inmate, *see doc. 22-2* at 9 at ¶7, the plaintiff asserts that he did make a complaint to the medical staff that he received injuries as a result of the conduct of the defendants, *see doc. 29* at ¶8.

There are genuine material factual disputes in this case. Accordingly, the defendants are not entitled to summary judgment.

IV. Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 19) for summary judgment be denied and that the case be listed for trial.

                                    ***/s/ J. Andrew Smyser***
                                    J. Andrew Smyser
                                    Magistrate Judge

Dated: April 20, 2009.