# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD J. FLEMING | : | No. 3:07cv1039 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| | : | |
| CAPTAIN JOHN DARYMAN, | : | |
| C.O. KEVIN CARROLL, and | : | |
| C.O. JARRETT SMITH | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are the defendants' objections (Doc. 31) to the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 30). Magistrate Judge Smyser proposes that we deny the Defendants' Motion for Summary Judgment (Doc. 19) and list the case for trial. Having been briefed, this matter is ripe for disposition.

## **BACKGROUND**

The events that gave rise to Plaintiff Fleming's claim took place in April 2007 at York County Prison where he was incarcerated. (Complaint (Doc. 1) at ¶ 1)(hereinafter "Complt."). The plaintiff was housed in the medical department of the prison after entering with a gunshot wound, a bullet still

lodged in his calf, a broken right femur, and a rod with screws in his leg. (Id. at ¶¶ 1-3).

On April 29, 2007, while in the medical courtyard, the plaintiff was allegedly approached by another inmate, who asked him why he told Defendants Carroll and Smith that he was going to hit that inmate in his colostomy bag. (Id. at ¶¶ 5-6). Although the plaintiff told the other inmate that Defendants Carroll and Smith were lying and trying to start a fight, the inmate hit the plaintiff on the top of the head, causing the plaintiff to lose grip of his crutches and fall to the ground in pain. (Id. at ¶¶ 6-7). The plaintiff alleges that he was then handcuffed by Defendant Daryman, who told the plaintiff that he would be made to appear as the aggressor. (Id. at ¶¶ 7-8). The plaintiff was then placed on suicide watch for over twenty-four hours with no medical assistance to attend to his aggravated injuries. (Id.)

Subsequently, Defendants Carroll and Smith moved the plaintiff by wheelchair into a small room across from the medical department, where they allegedly began smacking the plaintiff and pulling on his right ear, while demanding that the he keep his mouth closed about the day's events. (Id. at ¶ 10). Upon the arrival of Defendant Daryman, the plaintiff alleges he was moved to the Behavior Adjustment Unit ("BAU") for thirty days after being

given a false misconduct for assaulting the other inmate. (Id. at ¶ 4). In the BAU, Plaintiff Fleming was allegedly stripped of his clothing by Defendants Carroll and Smith, pushed face down into the flooring, and called a "pussy." (Id. ¶¶ at 12-13). That same day, the plaintiff filed a grievance against the defendants using the prison administrative system. (Id. at ¶ 9).

The plaintiff also alleges that from April 29, 2007 to May 13, 2007, he had to shower in the BAU with no handicap accessible equipment to accommodate his leg injuries, although a medical note was later issued to the plaintiff, providing him with a shower chair. (Id. at ¶ 14). Moreover, the plaintiff puts forth that on May 27, 2007, he fell face first in the shower and was rendered unconscious, but received poor treatment in the medical department. (Id. at ¶ 15).

Plaintiff Fleming filed this complaint pursuant to 42 U.S.C.§ 1983 ("Section 1983") alleging constitutional violations on June 7, 2007. (Id.) Magistrate Judge Smyser issued a report and recommendation on September 5, 2007 recommending that the warden and four members of the prison medical staff be dismissed from this action. (Doc. 11). We subsequently adopted that report and recommendation in an order dated May 13, 2008. (Doc. 17). On December 16, 2008, the defendants filed a motion for

summary judgment to which Magistrate Judge Smyser issued his report and recommendation on April 20, 2008. Subsequently, the defendants filed objections, bringing the case to its present posture.

**JURISDICTION**

Because this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**STANDARD OF REVIEW**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The district court judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

Before the court is Magistrate Judge Smyser's recommendation that we deny the defendants' motion for summary judgment. Summary judgment is

properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Knabe v. Boury, 114 F.3d 407, 410 n. 4 (3d Cir.1997) (quoting FED. R. CIV. P. 56(C)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. Id. at 257.  In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party.  Conoshenti v. Public Serv. Elec. & Gas Co.,364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).  Moreover, a fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case.  Anderson 477 U.S. at 248; Levendos v. Stern Entertainment Inc., 860 F.2d 1227, 1233 (3d Cir.1988).

The moving party maintains the burden to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

The defendants make one objection to Magistrate Judge Smyser's report and recommendation: that the plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e. (Defendants' Objections at 1).

The Magistrate Judge found that there were genuine issues of material fact as to whether the plaintiff exhausted administrative remedies. (Report and Recommendation at 10). The Prison Litigation Reform Act ("PLRA") requires prisoners to present their claims through an administrative grievance

6

process before seeking redress in federal court. The act specifically provides the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory, and prisoners must exhaust all available remedies, even where the relief sought cannot be granted through the administrative process. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 734, 739 (2001)). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp.2d 884, 894-95 (S.D.N.Y. 1998).

The PLRA also requires "'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.'" Williams v. Beard, 482 F.3d 637, 640 (3d Cir. 2007) (citing Woodford, 548 U.S. at 93-96). This means that not only technical exhaustion of the administrative remedies is required, but also substantial compliance with procedural requirements within

the prison grievance system. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004); see also Nyhuis, 204 F.3d at 77-78. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the system's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Moreover, the primary purpose of a prison grievance system is to "'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" Williams v. Beard, 482 F. 3d 637, 640 (3d Cir. 2007) (quoting Jones, 549 U.S. at 219).

Failure to exhaust available administrative remedies is an affirmative defense. Jones, 549 U.S at 216. As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. Brown v. Croak, 312 F. 3d 109, 111 (3d Cir. 2002). Dismissal of a plaintiff's complaint without prejudice is appropriate when a plaintiff-inmate has failed to exhaust his available administrative remedies before bringing an action under Section 1983. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000).

In their objections, the defendants argue that the plaintiff did not exhaust administrative remedies that were available to him, namely that he

8

did not appeal the second complaint review, appeal for a solicitor's review, nor did he exercise the right to appeal to the York County Prison Board. (Defendants' Objections at 2). In his response to the Defendants' Statement of Material Facts, made under the penalty of perjury, the plaintiff states multiple times that he did exhaust his administrative remedies. (Doc. 29 at ¶¶ 1-4) (emphasis in original). As such, Magistrate Judge Smyser found that there is genuine issue of material fact as to whether the plaintiff exhausted his administrative remedies. (Report and Recommendation at 10). We agree.

While the defendants argue that only the plaintiff's factual averments subject him to potential penalties for perjury, his conclusory statements, beliefs, and opinions regarding the exhaustion of his institutional appeals do not. (Defendants' Objections at 5). We find the defendants' argument unpersuasive. The statements made in the plaintiff's complaint and in his response to the defendants' statement of material facts are specific, factual averments made under the penalty of perjury. Although stated without adorning language, the defendant plainly states he exhausted his administrative remedies at York County Prison. As such, we will adopt Magistrate Judge Smyser's report and recommendation and deny the defendants' motion for summary judgment.

**CONCLUSION**

For the reasons stated above, the court will overrule the defendant's objections and adopt the report and recommendation. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD J. FLEMING | : | No. 3:07cv1039 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| CAPTAIN JOHN DARYMAN, | : | |
| C.O. KEVIN CARROLL, and | : | |
| C.O. JARRETT SMITH | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 4th day of August 2009:

1. The defendant's objections to the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. 31) are hereby **OVERRULED**;

2. The report and recommendation (Doc. 30) is **ADOPTED**; and

3. The defendant's motion for summary judgment (Doc. 19) is hereby **DENIED.**

                                                      **BY THE COURT:**

                                                      **s/ James M. Munley**
                                                      **JUDGE JAMES M. MUNLEY**
                                                      **United States District Court**